# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7945 | **DATE** | April 4, 2011 |
| **CASE TITLE** | Larry Israel (#2010-0429093) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

The Court treats plaintiff's proposed amended complaint as a motion to reconsider the Court's order of 3/14/2011 that dismissed the case. The proposed amended complaint, however, is legally deficient for the reasons described below. The Court will give plaintiff one final opportunity to correct the defects the Court has noted in his original and proposed amended complaint. Specifically, plaintiff may submit a proposed second amended complaint (plus a judge's copy and copies for service on the defendants). The proposed second amended complaint must be *received* by the Court by no later than May 4, 2011. To be clear, this means that plaintiff will have to mail any proposed second amended complaint enough in advance of May 4, 2011 so that the Court receives it by that date. If plaintiff fails to submit a viable second amended complaint in conformity with this order, the Court will deny his motion to reconsider. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

# STATEMENT

On February 3, 2011, the Court ordered plaintiff to submit a proposed amended complaint within thirty days of the order. The Court waited more than thirty days. On March 14, 2011, having received nothing from plaintiff, the Court entered an order dismissing this case. On that same day, the Clerk received plaintiff's proposed amended complaint. The Court will treat this as a motion to reconsider the order of dismissal.

In his amended complaint, plaintiff alleges that he has been convicted of the felony offense of stalking and is serving a term of probation. He alleges that he committed no crime and that his communication with the woman he has been convicted of stalking was protected by the First Amendment. He alleges he was wrongfully prosecuted and was denied due process in a variety of ways. He contests the procedure the police used in placing him in line-ups. He alleges that he was read his rights under *Miranda* but was not allowed to speak to an attorney. He alleges that the state criminal court violated his rights with respect to his preliminary hearing and in the setting of bail. Plaintiff has sued the State of Illinois, the Cook County Department of Corrections, the Court of Cook County, and the City of Chicago. Plaintiff has paid the $350 filing fee.

Based on what plaintiff alleges in his amended complaint, the law does not permit him to proceed with most, and perhaps all, of his claims. Specifically, plaintiff may not challenge his criminal conviction by way of an action under 42 U.S.C. § 1983. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A finding that the criminal proceedings deprived plaintiff of due process, that police, prosecutors, and the judge conspired to maliciously prosecute him and allow false evidence to be used against him, or that plaintiff is innocent of the charges, would certainly call into question the validity of his underlying criminal conviction. In fact, plaintiff specifically asks the Court to overturn his conviction. *See* Complaint, p. 6.

## STATEMENT

If plaintiff wishes to challenge his conviction in federal court on federal constitutional grounds, the only way for him to do so is to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court is not permitted to "convert" plaintiff's section 1983 suit into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* Plaintiff should be aware, however, that before challenging a state conviction under 28 U.S.C. § 2254, a person must first exhaust state court remedies as to all his federal constitutional claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Plaintiff should also be aware of the statute of limitations that applies to petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

As the Court stated in its February 3, 2011 order, however, plaintiff may also be asserting a claim for damages for false arrest. If so, plaintiff can maintain such a claim, providing he submits a complaint that states a viable false arrest claim. *See Wallace v. City of Chicago*, 440 F. 3d 421, 426 (7th Cir. 2006). In the Court's February 3, 2011 order, the Court already advised plaintiff that if he is suing for false arrest, he must name the police officers who falsely arrested him. Despite this clear directive, however, plaintiff made no attempt to name those officers in his proposed amended complaint. In addition, his proposed amended complaint does not focus on the basis for plaintiff's arrest, as distinguished from the other errors that plaintiff contends occurred in connection with the prosecution of him for stalking.

The Court will give plaintiff one final opportunity to submit a legally viable complaint. If he does not know the names of the officers who arrested him, plaintiff can name a supervisory official such as acting Chicago police superintendent Terry Hillard, for the purpose of identifying unknown officers. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). In addition, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff must describe the grounds on which he claims he is entitled to pursue a claim for false arrest; labels and conclusions are insufficient. *Id.* at 555. Specifically, if plaintiff chooses to submit proposed second amended complaint, he must name the officers, or a supervisor to enable him to determine the arresting officers' identities, and he must describe why he believes the police did not have probable cause to arrest him. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

Any proposed second amended complaint must be received by the Court by no later than May 4, 2011. To be clear, this means that plaintiff will have to mail any proposed second amended complaint enough in advance of May 4, 2011 so that the Court receives it by that date. If plaintiff fails to submit a timely, viable second amended complaint in conformity with this order, the Court will deny his motion to reconsider, and the order dismissing the case will remain in effect. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

Plaintiff must write the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, plaintiff must provide an extra copy for the judge and a service copy for each defendant that he names. The Court cautions plaintiff that an amended pleading supersedes the complaint on file and must stand complete on its own. Thus, plaintiff must include his allegations in the proposed second amended complaint and may not simply refer back to the original complaint. Any exhibits plaintiff wants the Court to consider must be attached to the second amended complaint and each extra copy that plaintiff is required to submit. The Court advises plaintiff to keep a copy for his own records.